1  Michael D. Adams (State Bar No. 185835)
   madams@rutan.com
2  Meredith L. Williams (State Bar No. 292888)
   mwilliams@rutan.com
3  Mary Christine Brady (State Bar No. 325476)
   mbrady@rutan.com
4  Asad Karamally (State Bar No. 335881)
   akaramally@rutan.com
5  RUTAN & TUCKER, LLP
   18575 Jamboree Road, 9th Floor
6  Irvine, CA  92612
   Telephone:   714-641-5100
7  Facsimile:   714-546-9035

8  Attorneys for Plaintiff
   PRINTFUL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINTFUL, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>MYLOCKER.COM, LLC, a Michigan limited liability company, d/b/a CustomCat, and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**1. FALSE ADVERTISING UNDER THE LANHAM ACT (15 U.S.C. § 1125(a)(1))**<br><br>**2. FALSE ADVERTISING UNDER STATE LAW (CAL. BUS. &PROF. CODE § 17500)**<br><br>**3. UNLAWFUL AND UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE § 17200)**<br><br>**4. COMMON LAW FALSE ADVERTISING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Printful, Inc., a Delaware corporation ("Plaintiff" or Printful) alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff seeks injunctive and monetary relief in this action involving claims for false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1), as well as claims for false advertising, unfair business practices and unfair competition under the statutory and common law of the State of California. This Court has jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. §§ 1121, 1331, and 1338(a). This Court has jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

2. This Court has personal jurisdiction over defendant MyLocker.com, LLC d/b/a CustomCat, ("CustomCat") based on CustomCat's continuous and extensive contacts with and business in the State of California and this Judicial District. Among other things, on information and belief, CustomCat operates an interactive website, www.customcat.com, through which it advertises and sells its goods and services to consumers in California and this Judicial District.

3. On information and belief, CustomCat has purposefully directed business activities, including its false and misleading advertising described herein, toward consumers residing in this Judicial District, including without limitation by entering into sales contracts with residents of this Judicial District, directing online advertising toward residents of this Judicial District, and calculating and collecting California sales tax on sales to residents of this Judicial District.

4. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b), a substantial part of the events, omissions and acts which are the subject matter of this action occurred within this District and because CustomCat is subject to personal jurisdiction in this Judicial District.

## THE PARTIES

5. Plaintiff Printful, Inc. ("Printful") is a Delaware Corporation having its

principal place of business at 11025 Westlake Dr, Charlotte, North Carolina 28273 and an office and fulfillment center located at 19749 Dearborn St, Chatsworth, California 91311.

6. Plaintiff is informed and believes, and thereon alleges, that defendant CustomCat is a Michigan limited liability company with its principal place of business located at 1300 Rosa Parks Blvd, Detroit, Michigan 48216.

7. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, which therefore sues said defendants by such fictitious names ("DOE Defendants"). Plaintiff will seek leave of this Court to amend this Complaint to include their proper names and capacities when they have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named defendants participated in and are in some manner responsible for the acts described in this Complaint and the damage resulting therefrom.

8. Plaintiff alleges on information and belief that each of the defendants named herein as DOES 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged hereinbelow, and are liable to Plaintiff for the damages and relief sought herein.

9. Plaintiff alleges on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, CustomCat and each of the DOE Defendants (collectively, "Defendants") was the agent and employee of each of the other Defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other Defendants.

## NATURE OF THE CASE

10. This Complaint arises out of Defendants' false comparative advertising designed to divert actual and potential customers from Plaintiff to CustomCat.

11. Printful is a print-on-demand ("POD") product and fulfillment company. Founded in Los Angeles, California in 2010, Printful offers entrepreneurs and companies of all sizes and in all industries around the globe a wide array of services, including POD drop shipping, warehousing and fulfillment, graphic design services, video, photography, and store setup services.

12. Printful's POD drop shipping and fulfillment warehouse services allow its customers to create and sell custom products online. In essence, https://www.printful.com/ provides everything a business owner needs to run an online store, making and delivering customized products to their end customers.

13. Today, Printful has over 375,000 active customers and has been trusted to help its customers sell over 36.8 million items (worth over $873 million). Many of Printful's hundreds of thousands of satisfied customers have shared positive feedback, such as that Printful's time-saving tools helped them to grow their businesses, deliver high quality products, and maximize their profit.

14. Plaintiff and Defendants are direct competitors in providing POD and related product and services.

15. Defendants have engaged in a targeted comparative advertising campaign designed to divert business from Printful to Defendants through false and misleading representations. Defendants falsely advertise that a customer of theirs will earn 72% more profit than if the customer uses Printful.

**FACTUAL ALLEGATIONS**

16. POD companies provide custom-printed products to businesses and consumers in an "on-demand" basis. POD companies, such as Plaintiff and Defendants, supply a variety of custom-printed goods including clothing, accessories, home goods, drinkware, linens, art, and stationery.

17. Plaintiff and Defendants, like other companies in the industry, offer products from a number of well-known brands at varying price points that serve as the blank canvas on which they will print a consumer's custom logo or graphic.

18. Typically, in the POD business, the customer selects a product category and the brand that they would like to serve as a "blank" for their final product and uploads their custom graphic or logo. The POD company then prints the graphic on the selected product in the chosen quantity and ships the products to the consumer.

19. Defendants have engaged in long-standing false comparative advertising campaign against Plaintiff.

20. On June 5, 2020, Plaintiff sent Defendants a cease and desist notice advising Defendants that their statements in comparative advertising were misleading. Specifically, Plaintiff's notice advised CustomCat that a newsletter sent out by CustomCat titled "*Tired of Long Fulfillment Times with Printful?*" was misleading in claiming *inter alia* that CustomCat is "the industry leader in Shopify Print on Demand Fulfillment" and "by far, the highest quality and fastest provider in the industry" with "the best prices in the industry." These claims were false or misleading, and CustomCat's false or misleading comparative advertising specifically referenced Printful.

21. On July 9, 2020, Plaintiff formally warned Defendants that another comparative advertising claim was false or misleading and demanding that Defendants cease and desist from this conduct. This notice warned that Defendants' newsletter titled "*Did your POD provider disable new products?* 😒 🤬" was a false comparative advertisement making the same false or misleading claims with a new misleading price comparison chart, and again specifically referencing Printful.

22. Undeterred, Defendants apparently decided they could continue to engage in false comparative advertising if they did not specifically use the name "Printful." On information and belief, Defendants concocted a plan to continue their false comparative advertising by referencing Printful, not by name, but through use of Printful's logo, or a confusingly similar variation of Printful's logo, to make false comparative advertising claims comparing the products and services of Plaintiff and Defendants.

23. Defendants' advertising falsely states that using Defendants' competing services will result in "72% MORE PROFIT" than using Plaintiff's services, as shown in the following advertisements:



*Figure 1*: CustomCat's false advertising, with a confusingly similar variation of Plaintiff's "three triangle" logo reproduced bottom left under "the Competition."

24. In addition to the advertisement shown above, Defendants' campaign making false claims about CustomCat's services and targeting Printful included the following false or misleading advertisements:



*Figure 2*: Additional examples of CustomCat's false advertising, using a confusingly similar variation of Plaintiff's "three triangle" logo trademark.

25. On information and belief, consumers understand, and Defendants' intended consumers to understand, that the claim "72% MORE PROFIT" is a comparison between Printful and Defendants because the advertisement uses Printful's distinctive "three triangle" trademark, or a confusingly similar variation of Plaintiff's "three triangle" trademark, in the same red color and immediately below the phrase "the Competition." Plaintiff's "three triangle" trademark is as follows:



*Figure 3*: Printful's Three Triangle Logo

26. Defendants also expanded on their previous false advertising campaign in making these statements not in CustomCat's newsletter, but in advertisements displayed to the general public through *inter alia* social media and their website, specifically at https://customcat.com/business-friendly-print-on-demand/.

27. Like other versions of Defendants' advertisements, the version of the "72% MORE PROFIT" advertisement displayed on the CustomCat website uses a confusingly similar version of Printful's "three triangle" trademark to indicate to consumers that it is referring to Printful; unlike their other advertisements, this version displays the words "MORE AVG." between "72%" and "PROFIT," and uses the phrase "Top Competition" to refer to Printful, as shown here:



28. On information and belief, comparing the advertisement shown immediately above on p. 5 with Defendants' other advertisements shown on p. 6, consumers did not and will not see the word "Avg." – which is printed in miniscule print between the far larger "MORE" and "PROFIT" – in Defendants' comparative advertising depicted on p. 6 above.

29. Regardless of whether a consumer understands Defendants' statements as "72% MORE PROFIT" or "72% MORE Avg. PROFIT," Defendants' comparative advertising statements are false or likely to mislead consumers.

30. On information and belief, Defendants' false comparative advertising has caused Plaintiff to lose actual and potential customers through a diversion of sales from Plaintiff to Defendants.

31. In addition to the loss of sales and customers, Defendants' false or misleading advertising has harmed the goodwill associated with Plaintiff's products and services.

## FIRST CAUSE OF ACTION

## (False Advertising under the Lanham Act,

## 15 U.S.C. § 1125(a)(1)(B))

32. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 30 inclusive, and incorporates them herein by this reference.

33. Defendants' false comparative advertising claims constitute false or deceptive advertising under the Lanham Act in violation of 15 U.S.C. § 1125(a)(1)(B) in that they misrepresent the characteristics and qualities of Plaintiff's services.

34. Defendants' advertising claims constitute a false or misleading statement of fact, and have deceived or have the capacity to deceive to consumers.

35. Defendants' advertising claims are material to consumers, who select between competing services based at least in material part on price.

36. On information and belief, Defendants' advertising claims were made

in, and have a substantial impact on, interstate commerce.

37. On information and belief, Defendants' advertising claims have caused competitive injury to Plaintiff through the diversion of sales from Plaintiff to Defendants, and injury to Plaintiff's business reputation and loss of goodwill.

38. Defendants' aforesaid conduct constitutes deliberate and intentional violations of 15 U.S.C. § 1125(a) such that is an exceptional case under the Lanham Act entitling Plaintiff to attorneys' fees and costs.

39. On information and belief, Plaintiff has suffered damages caused by the acts of Defendants in an amount to be proved at trial.

40. As a further proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer immediate and irreparable injury not compensable by money damages as a result of Defendants' false comparative advertising, thereby entitling Plaintiff to injunctive relief.

## SECOND CAUSE OF ACTION

**(False Advertising under State Law,**

**Cal. Bus. & Prof. Code § 17500 *et seq.*)**

41. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 38 inclusive, and incorporates them herein by this reference.

42. Defendants' purpose in engaging in the acts complained of herein is to induce consumers to purchase Defendants' services instead of Plaintiff's services.

43. Defendants know, or in the exercise of reasonable care should have known, that their marketing that consumers will earn "72% more profit" or "72% more avg. profit" using Defendants' services instead of Plaintiff's services is false or misleading.

44. Defendants' acts as alleged herein constitute the knowing use of deceptive, untrue and misleading advertising, thereby impairing Plaintiff's goodwill and otherwise adversely affecting Plaintiff's business. These acts constitute false advertising under California Business and Professions Code §§ 17500 and 17535.

45. Plaintiff seeks an injunction to enjoin Defendants from continuing said false advertising.

### THIRD CAUSE OF ACTION

### (Unlawful, Unfair, and Fraudulent Business Practices under State Law, Cal. Bus. & Prof. Code § 17200 *et seq.*)

46. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 43 inclusive, and incorporates them herein by this reference.

47. Defendants' statements and conduct alleged herein are in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), and thus also constitute unlawful, unfair, and fraudulent business practices under California Business and Professions Code section 17200, *et seq.*

48. Defendants' statements and conduct alleged herein significantly threaten or harm competition.

49. Plaintiff seeks an injunction to enjoin Defendants from continuing said unlawful, unfair and fraudulent business practices.

### FOURTH CAUSE OF ACTION

### (Common Law False Advertising)

50. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 48 inclusive, and incorporates herein by this reference.

51. Defendants' statements and conduct alleged herein constitute false advertising under California common law.

52. Plaintiff seeks damages and an injunction to enjoin Defendants from continuing the conduct complained of herein.

53. Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in the conduct alleged herein with a conscious disregard of Plaintiff's rights, and with an intent to vex, injure or annoy such as to constitute oppression, fraud or malice, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or to make an example of Defendants.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor against Defendants, as follows:

1. For damages according to proof at trial;

2. That Defendants, their officers, directors, agents, servants, employees, attorneys and all persons, firms and corporations in active concert or participation with them or any of them, be permanently enjoined and restrained from claiming that consumers will earn "72% more profit" or "72% more average profit" if they use Defendants' services instead of Plaintiff's;

3. That Plaintiff recovers from Defendants reasonable attorneys' fees, costs and disbursements of his action pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, or as otherwise authorized by law;

4. For disgorgement of all profits gained as a result of Defendants' wrongful conduct;

5. That Defendants pay compensatory and punitive damages to Plaintiff;

6. That any monetary award include pre- and post-judgment interest at the highest rate allowed by law; and

For such other and further relief against Defendants as the Court may deem just and proper.

Dated: September 16, 2021

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
MEREDITH L. WILLIAMS
MARY CHRISTINE BRADY
ASAD KARAMALLY

By: _____*/s/ Michael D. Adams*_____
　　　Michael D. Adams
　　　Attorneys for Plaintiff
　　　PRINTFUL, INC.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues triable to a jury.

Dated:  September 16, 2021      RUTAN & TUCKER, LLP


By: */s/ Michael D. Adams*
Michael D. Adams
Attorneys for Plaintiff
PRINTFUL, INC.